J-S14001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| WALTER PAUL RAVEN | : | |
| | : | |
| Appellant | : | No. 684 MDA 2016 |

Appeal from the PCRA Order August 4, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0003629-2012

BEFORE:   GANTMAN, P.J., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED APRIL 13, 2017**

Appellant, Walter Paul Raven, appeals *nunc pro tunc* from the order entered in the Luzerne County Court of Common Pleas, which denied his petition for collateral relief, per the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant sold morphine to an undercover confidential informant during a controlled buy on February 8, 2011.  On August 16, 2012, the Commonwealth charged Appellant at No. 3629-2012 with various drug offenses.  On September 2, 2012, Appellant was involved in a hit-and-run motor vehicle accident, during which his vehicle struck a motorcycle.  Two

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Retired Senior Judge assigned to the Superior Court.

individuals on the motorcycle died as a result of the impact. On September 18, 2012, the Commonwealth charged Appellant at No. 3415-2012 with various motor vehicle offenses and tampering with physical evidence. Appellant entered a guilty plea in both No. 3629-2012 and No. 3415-2012 on May 3, 2013, to one count each of: delivery of a controlled substance; accidents involving death or personal injury; accidents involving death or personal injury while not properly licensed; habitual offenders; tampering with or fabricating physical evidence; driving while operating privilege is suspended or revoked; and careless driving.

At the plea hearing, the court conducted a full and extensive oral colloquy. (*See* N.T. Plea Hearing, 5/3/13, at 5-14.) During the colloquy, Appellant acknowledged the court: was not bound by any agreement Appellant had with the Commonwealth regarding sentencing; could sentence Appellant to the statutory maximum on each charge; and could impose consecutive sentences. (*See id.* at 8-9.) Appellant also stated that, with the assistance of plea counsel, he completed and signed a written plea colloquy, the terms of which he understood. (*See id.* at 12-13.) After the oral colloquy, the court determined Appellant entered the plea knowingly, voluntarily, and intelligently. (*See id.* at 14.)

The court conducted a sentencing hearing on June 10, 2013. At the conclusion of the hearing, the court sentenced Appellant to twenty-one (21) to eighty-four (84) months' imprisonment, plus costs and restitution, for delivery of a controlled substance at No. 3629-2012. At No. 3415-2012, the

court imposed the following terms: twenty-one (21) to eighty-four (84) months' imprisonment, plus costs and restitution, for accidents involving death or personal injury, to run consecutive to the sentence at No. 3629-2012; twenty-one (21) to eighty-four (84) months' imprisonment for accidents involving death or personal injury while not properly licensed, to run consecutive to the sentence for accidents involving death or personal injury; six (6) to twenty-four (24) months' imprisonment for habitual offenders, to run consecutive to the sentence for accidents involving death or personal injury while not properly licensed; six (6) to twenty-four (24) months' imprisonment for tampering with or fabricating physical evidence, to run consecutive to the sentence for habitual offenders; ninety (90) days' imprisonment for driving while operating privilege is suspended or revoked, to run consecutive to the sentence for tampering with or fabricating physical evidence; and a fine for careless driving. In total, the court sentenced Appellant to an aggregate term of 78 to 300 months' imprisonment. This Court affirmed the judgment of sentence on August 12, 2014, and our Supreme Court denied allowance of appeal on December 23, 2014. **See Commonwealth v. Raven**, 97 A.3d 1244 (Pa.Super. 2014), *appeal denied*, 629 Pa. 636, 105 A.3d 736 (2014).

Appellant timely filed his first PCRA petition on April 23, 2015, raising claims under the rubric of ineffective assistance of counsel. During a hearing on July 8, 2015, the PCRA court heard testimony from Appellant, his friend Deborah Citsay, and Appellant's plea counsel. Appellant testified that when

he discussed the plea with plea counsel, counsel advised him the maximum sentence he faced was thirty-six months' imprisonment. (*See* N.T. PCRA Hearing, 7/8/15, at 8.) Appellant stated plea counsel told Appellant the counts of accidents involving death or personal injury and accidents involving death or personal injury while not properly licensed would merge for the purposes of sentencing. (*See id.* at 9.) Appellant also testified that plea counsel explained the remaining charges were misdemeanors, the sentences for which would run concurrent to the sentence Appellant received for the accidents involving death or personal injury counts. (*Id.*) Ms. Citsay testified plea counsel had also told her the maximum sentence Appellant could receive if he entered the plea was thirty-six months' imprisonment. (*See id.* at 29.) Ms. Citsay also said she was not present at Appellant's plea hearing and did not know the maximum penalties for each of the offenses to which Appellant pled guilty. (*See id.* at 34.) Plea counsel testified, in part, as follows:

> [COMMONWEALTH]: And you would agree with me that under the plea agreement, [it states], unless otherwise indicated there's no agreement regarding sentence?
>
> [PLEA COUNSEL]: Correct.
>
> [COMMONWEALTH]: Was there ever an agreement to run any of those charges concurrent to each other with the District Attorney's Office?
>
> [PLEA COUNSEL]: There was no formal agreement to that fact. We would have enumerated that.
>
> [COMMONWEALTH]: Okay. Was there ever an

agreement…with regard to whether or not they would run concurrently or consecutively?

[PLEA COUNSEL]:      My understanding was the Commonwealth would not oppose a concurrent sentence.

[COMMONWEALTH]:      And did you explain that to [Appellant] ultimately the sentence would be up to the [c]ourt?

[PLEA COUNSEL]:      Correct.

[COMMONWEALTH]:      And that the [j]udge could reject any sort of negotiated plea in this case?

[PLEA COUNSEL]:      What I told [Appellant]…is the discretion of the [c]ourt, if the [c]ourt does not accept the plea agreement, [Appellant] has the option to withdraw his plea.

[COMMONWEALTH]:      And you would agree that in this case, there was no [other] written plea agreement…?

[PLEA COUNSEL]:      Correct.

*      *      *

[COMMONWEALTH]:      And at the time [Appellant] was sentenced, you made the argument that [the counts of accidents involving death or personal injury and accidents involving death or personal injury while not properly licensed] regarding [No. 3415-2012] should merge for purposes of sentencing?

[PLEA COUNSEL]:      That is correct.

[COMMONWEALTH]:      And that was your understanding of what should have happened based on the doctrine of merger at the time, correct?

[PLEA COUNSEL]:      Correct. Yes.

[COMMONWEALTH]:      And you shared that opinion or sentiment with [Appellant]?

[PLEA COUNSEL]: Yes.

\* \* \*

[COMMONWEALTH]: And did you ever tell [Appellant] that he was going to get a sentence of 18 to 36 months on both cases?

[PLEA COUNSEL]: No. I would have told him what the sentencing ranges were on each count.

[COMMONWEALTH]: Did you, in fact, tell [Appellant] that the sentencing ranges for [the counts of accidents involving death or personal injury and accidents involving death or personal injury while not properly licensed] of the accident case, [No.] 3415-2012, were 15 to 21 months?

[PLEA COUNSEL]: I believe I did.

[COMMONWEALTH]: Okay. And did you ever make a statement to [Appellant] that all the misdemeanors, they should be run concurrent...?

[PLEA COUNSEL]: I wouldn't have said that. What I more than likely would have asked or—I would have asked the [c]ourt to run the individual counts...concurrent.

[COMMONWEALTH]: Did you ever make a guarantee to [Appellant] that the misdemeanors would run concurrent?

[PLEA COUNSEL]: No.

[COMMONWEALTH]: Or that they have to run concurrent?

[PLEA COUNSEL]: Absolutely not.

[COMMONWEALTH]: Did you ever make a guarantee to [Appellant] that 36 months would be most that he would get in these cases?

[PLEA COUNSEL]: Absolutely not.

[COMMONWEALTH]: Did you ever make a guarantee

to [Ms.] Citsay that 36 months would be the most that [Appellant] would get in these cases.

[PLEA COUNSEL]:     I did not.   I would not have done that.

(*Id.* at 38-39, 42-44.)

The PCRA court denied Appellant's petition on August 4, 2015.  On December 31, 2015, this Court dismissed Appellant's appeal from the PCRA court's order, for failure to comply with Pa.R.A.P. 3517.  On February 10, 2016, Appellant filed the current PCRA petition, in which he requested the PCRA court to reinstate his appeal rights *nunc pro tunc* from the denial of his first PCRA petition.  Following a hearing, on March 24, 2016, the PCRA court reinstated Appellant's appeal rights *nunc pro tunc*.  Appellant filed a timely notice of appeal on April 21, 2016.  The PCRA court did not order a statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises the following issue for our review:

WHETHER THE PCRA COURT ERRED IN DENYING [APPELLANT]'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM WHERE PLEA COUNSEL PROVIDED IMPROPER ADVICE REGARDING THE MERGER OF CHARGES AND [APPELLANT] WAS NOT INFORMED OF THE TOTAL AGGREGATED SENTENCE WHICH COULD BE IMPOSED BY THE COURT?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error.  ***Commonwealth v.***

- 7 -

*Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297 (2011).

Appellant argues plea counsel advised him the maximum sentence he could receive under the terms of the plea was thirty-six months. Appellant maintains plea counsel explained the charges of accidents involving death or personal injury and accidents involving death or personal injury while driving without a license would merge for purposes of sentencing. Appellant avers plea counsel failed to inform Appellant that if he entered the guilty plea, the court could impose consecutive sentences. Appellant submits plea counsel also failed to apprise Appellant of the possible aggregate sentence Appellant faced if he entered the guilty plea. Appellant concludes he is entitled to relief because plea counsel was ineffective, which caused Appellant to enter an unknowing and involuntary guilty plea. We disagree.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Gonzalez*, 858 A.2d 1219, 1222 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). To prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel, which, in

the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for counsel's errors and omissions, there is a reasonable probability the outcome of the proceedings would have been different. *Id.* "The petitioner bears the burden of proving all three prongs of the test." *Id.* "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the…test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." *Commonwealth v. Steele*, 599 Pa. 341, 360, 961 A.2d 786, 797 (2008).

"To succeed on an allegation of…counsel's ineffectiveness…a post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." *Commonwealth v. D'Amato*, 579 Pa. 490, 500, 856 A.2d 806, 812 (2004) (internal citations omitted). "[A] petitioner does not preserve a…claim of ineffectiveness merely by focusing his attention on whether…counsel was ineffective. Rather, the petitioner must also present argument as to how the second and third prongs of the [ineffectiveness] test are met with regard to the…claim." *Commonwealth v. Santiago*, 579 Pa.

- 9 -

46, 69, 855 A.2d 682, 696 (2004). "[A]n undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [the petitioner's] burden of establishing that he is entitled to any relief." *Commonwealth v. Bracey*, 568 Pa. 264, 273 n.4, 795 A.2d 935, 940 n.4 (2001). *See also Commonwealth v. Chmiel*, 612 Pa. 333, 362, 30 A.3d 1111, 1128 (2011) (explaining boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy petitioner's burden of proving ineffectiveness).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (quoting *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa.Super. 2002)). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Moser, supra*. Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." *Id.* at 528-29. A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and

intelligently entered the plea of his own accord. ***Commonwealth v. Fluharty***, 632 A.2d 312, 314-15 (Pa.Super. 1993). Pennsylvania law presumes the defendant is aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove otherwise. ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003). Mere disappointment in the sentence does not constitute the necessary "manifest injustice" to render the defendant's guilty plea involuntary. ***Id.*** at 522. ***See also Commonwealth v. Kelly***, 5 A.3d 370, 377 (Pa.Super. 2010), *appeal denied*, 613 Pa. 643, 32 A.3d 1276 (2011) (reiterating principle that courts discourage entry of plea as sentence-testing device).

The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa.Super. 2002) (citing Pa.R.C.P. 590). Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. ***Commonwealth v. Watson***, 835 A.2d 786, 796-97 (Pa.Super. 2003).

Instantly, Appellant's brief contains no discussion of two prongs of the ineffectiveness test: that plea counsel lacked a reasonable basis for his

conduct and that Appellant suffered prejudice as a result of counsel's alleged ineffectiveness. Appellant fails to assert that plea counsel lacked a reasonable basis for his actions and fails to explain how counsel's alleged deficiencies caused Appellant to enter an unknowing and involuntary plea. Appellant also does not establish that but for counsel alleged ineffectiveness, Appellant would not have entered the guilty plea. Absent more, the cursory analysis set forth in Appellant's brief does not adequately present his ineffectiveness claims. *See Santiago, supra*; *D'Amato, supra*. Therefore, Appellant fails to satisfy the ineffectiveness test.

Moreover, even if Appellant had presented an adequate argument, no relief would be due. Concerning Appellant's ineffectiveness claims, the PCRA court reasoned as follows:

> [Appellant] testified [at the PCRA hearing] that [plea] counsel…advised him of a plea offer made by the District Attorney. Although his testimony was somewhat inconsistent, [Appellant] stated that [plea] counsel told him that his sentence would be no more than 36 months. He also testified that [plea] counsel had indicated that the accidents involving death or personal injury and accidents involving death or personal injury while not properly licensed charges would merge for sentencing.
>
> [Appellant] accepted the…plea offer and was sentenced…. Although he received a sentence which exceeded the 36 months he was allegedly promised, [Appellant] voiced no objection at the time of sentencing.
>
> On cross examination [during the PCRA hearing], [Appellant] admitted that he completed the Guilty Plea Questionnaire…. He did refer to the plea agreement in his answer to question 49 [of the Questionnaire] regarding any promises, deals or agreements which may have been made. The plea agreement…contained no agreement as to

sentencing. At the time of the plea, the assistant district attorney read into the record the maximum penalties for each crime to which [Appellant] was pleading guilty. In addition, the [c]ourt [colloquied Appellant] regarding the possibility of imposing the statutory maximum sentences associated with each crime as well as the possibility that the sentences would run consecutively.

[Appellant] called a friend, Deborah Citsay, as a witness at the PCRA hearing. Ms. Citsay also testified that [plea] counsel told her that a sentence of 36 months was the maximum [Appellant] would receive. On cross-examination, she admitted that she was not present when [Appellant] pled guilty and she had no idea as to the maximum possible sentences for the various crimes to which [Appellant] pled guilty.

[Plea c]ounsel for Appellant testified [at the PCRA hearing] on behalf of the Commonwealth. He stated that a plea was negotiated with the Commonwealth which [Appellant] ultimately decided to accept. [Plea c]ounsel indicated that although the Commonwealth would not oppose concurrent sentences, there was no such agreement. [Plea c]ounsel assisted [Appellant] with completion of the Guilty Plea Questionnaire and answered any questions he had.

… [Plea counsel] never promised [Appellant] that his maximum sentence would be no more than 36 months. [Plea c]ounsel never advised Ms. Citsay that [Appellant]'s maximum sentence would be no more than 36 months. With regard to the merger issue, [plea] counsel told [Appellant] he would argue that merger should apply to the accidents involving death or personal injury and the accidents involving death or personal injury while not properly licensed charges, but he did not guarantee that it would. [Plea c]ounsel also advised [Appellant] that the decision as to whether sentences run consecutive or concurrent to each other is decided by the [c]ourt.

… Th[e plea c]ourt complied with all the requirements of Rule 590 at the time of [Appellant]'s plea….

… Based upon the testimony and evidence presented at the PCRA hearing, [Appellant] has failed to satisfy [the ineffectiveness test.]

[Appellant]'s plea of guilty was knowingly, voluntarily, and intelligently entered. [Plea c]ounsel provided credible testimony at the PCRA hearing and we find that no promises or guarantees were made to [Appellant] regarding his sentence. As a result, we find [Appellant]'s ineffectiveness claim to be without merit.

(PCRA Court Opinion, filed August 4, 2015, at 3-6) (internal citations omitted). The record supports the PCRA court's analysis, and we see no reason to disturb it. **_See Ford, supra_**; **_Boyd, supra_**. Therefore, Appellant's ineffective assistance of counsel claims fail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017

- 14 -